

Opinions of the United
States Court of Appeals
for the Third Circuit

9-10-2008

# Gemeena Scruggs v. AIG Personal Lines C

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2071

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Gemeena Scruggs v. AIG Personal Lines C" (2008). *2008 Decisions.* Paper 546.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/546

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-2071
_____

GEMEENA SCRUGGS,

Appellant

v.

AIG PERSONAL LINES CLAIMS

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 08-cv-01481)
District Judge:  Honorable Cynthia M. Rufe

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 10, 2008

Before:  AMBRO, FUENTES and FISHER, Circuit Judges

(Filed: September 10, 2008)
_____

OPINION
_____

PER CURIAM

On March 27, 2008, pro se appellant, Gemeena Scruggs, submitted a complaint to

the United States District Court for the Eastern District of Pennsylvania, wherein she

apparently sought to pursue a claim against the AIG National Insurance Company

(identified as AIG Personal Lines Claims by Scruggs) for property damage she sustained as a result of a motor vehicle accident that occurred on April 27, 2006.  In an order entered on April 2, 2008, the District Court granted Scruggs leave to proceed with the action in forma pauperis and dismissed the complaint as a result of Scruggs' failure to satisfy the jurisdictional requirements to bring a diversity action under 28 U.S.C. § 1332(a)(1).  In support of its decision, the District Court noted that Scruggs failed to allege damages in excess of $75,000, and that she listed a Pennsylvania address for both herself and AIG National Insurance Company.  This timely appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 1291, and exercise plenary review over a District Court's dismissal for lack of subject matter jurisdiction.  See Bakhtriger v. Elwood, 360 F.3d 414, 417 (3d Cir. 2004).  We will affirm the District Court's order of dismissal with very little discussion.  Section § 1332(a) provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and is between "citizens of different States."  § 1332(a)(1).  Scruggs pleads in her complaint an amount in controversy of $15,000 and concedes that all parties are from Pennsylvania.  Accordingly, the District Court acted properly in dismissing the complaint for lack of jurisdiction.  Finally, we conclude that the District Court did not err by failing to first afford Scruggs the opportunity to amend her complaint since such an act would surely have been an

2

exercise in futility.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir.

2002).